We'll move on to the fifth case, United States v. Paz-Giron. Oh, Ms. Ramesh, you're back. That was a short interlude. Okay, what do you want to do with him? What do you want us to do with him? May it please the court, counsel. My name is Colleen Ramesh again, and I am here on behalf of Mr. Paz-Giron, the defendant appellant in this case. The issue in this case before the court is how much a district, or how must a district court approach a resentencing hearing after a case is remanded from this court due to an error in the guidelines calculation at the first hearing? Initial sentencing. In this case, after it was remanded for such an error, the government urged the district court to reimpose the same sentence, arguing that no underlying facts had changed and that a different sentence on remand would merely suggest that the court had not properly done its job the first time around. This argument was well taken by the district court, which asked Mr. Paz-Giron to provide it with some additional facts, aside from the revised calculation of the guidelines range, to convince it to reconsider its original sentence. This is a procedurally unsound approach to a resentencing. In addition, in this case, the district court relied on incorrect information without prior notice to the parties when it fashioned its sentence that was a 100% upward departure from the top end of the guidelines range. And it didn't adequately explain that departure and the basis on which it concluded that Mr. Paz-Giron's case fell substantially outside the heartland of cases. Accordingly, we ask that Mr. Paz-Giron's sentence again be vacated and remanded for resentencing. Well, an above-guidelines sentence does not have to be justified based on departure analysis under the pre-Booker guidelines? Certainly, it doesn't have to be. Well, the court has said that there must be more of an explanation based on the departure from the guidelines range. So it has to be more thoroughly explained, the court's reasoning. In this case, the court adapted its reasoning from the original sentencing and focused substantially on Mr. Paz-Giron's history of drinking and driving. And this, but never explained why these elements were not, why they were not taken into account adequately by the guidelines range. And potentially more troubling is that when the defendant came in for this resentencing, the court essentially operated from the assumption that its consideration of all the factors previously was reasonable, its sentence it imposed previously was reasonable, and asked the defendant to provide it with some substantive factual difference that was different from the original sentencing. And in the majority of cases like Mr. Paz-Giron's, there just isn't going to be a significant factual basis. Between the time that the defendant was originally sentenced and the time he arrives for resentencing, he will have spent his time in prison in almost every case, and the underlying facts will not necessarily have changed when the reason that the case was remanded in the first place was an error in the guidelines calculation as it was here. So substantially the problem here is that the remedy of remand for the defendant is largely eviscerated. If the burden falls on the defendant to convince the court that there must be some other reason to impose a different sentence, one that's more in line with the correctly calculated guidelines, he's starting at a significant disadvantage from a fresh sentencing, the way that this court has said that these resentencings should operate with a clean slate, as we've seen in other cases. In this case, that resulted in this significant departure from the guidelines range, and I realize that in this case, it's 12 months, which in many of our cases seems relatively inconsequential, but in this case, it doubles the time that this person is sitting in prison, and it doesn't account for the fact that... Well, he has a serious drinking problem. Why isn't that a reason for the sentence? Your Honor, his drinking problem was accounted for by the guidelines. What is it? He was... The judge isn't bound by the guidelines. I understand that, Your Honor. So what's wrong with his thinking that this extra time is justified by his drinking? Every time you get behind the wheel of a car and you're drunk, you're putting every other driver at the risk of serious mayhem, right? Right. Well, that's a good point. That is certainly a good point. So the judge wants to put him away for a little more time, so he's not driving and crashing into people. Certainly. What's wrong with that? The inconsistency here is that the first time the court considered it, it arrived at... Prior to the first sentencing hearing, the PSR reflected a maximum statutory sentence of 20 years and a guidelines range of 24 to 30 months. Now, when the parties got into court, everyone agreed that the PSR was incorrect and that the statutory max was still 24 months. However, it was also determined that the appropriate guidelines range should still then be 24 months. When the court considered it before arriving in court that day, as was made clear in this second resentencing, when the court reviewed all of its notes taken, it noted that after calculating the guidelines range at 24 to 30 months and reviewing all of the factors, it arrived at a 24-month sentence, which at that point reflected the low end of the guidelines range. Then to say that now all of a sudden it requires a sentence that's double the guidelines range is inconsistent, we would argue. Are you saying nothing new happened that the judge relied on? He just changed his mind about an identical set of facts? Well, he didn't change his mind. But the majority of these cases, if nothing new happens, there isn't going to be something to give the judge a reason to change his mind other than the guidelines range. And if that can just be summarily dismissed... So you're saying nothing had changed, so he had no reason to change his sentence? That is what the court said. Pardon? That is what the court held. What is the court held? That's what the court said. What court are we talking about? The district court. The district judge. The district judge, when the defendant came... So why did he... Yeah, all right, so... If I may reserve... He said... Oh. So finish. What did you say? Oh, the district court decided that because no underlying facts had changed, it would not revisit all of the sentencing factors in light of the revised guidelines range because it dismissed the revised guidelines range as a technicality. We argue that this puts the defendant at... You know, if the error had never been made in the first place, the court would have looked at all the sentencing factors in light of a 6- to 12-month guidelines range. Now, I cannot tell you exactly what the court would have decided at that point. It is possible it would have come up with a 24-month sentence. However, it's completely unclear, and to go back and say, well, now you have to show me something substantive that has changed on top of this guidelines change in order for me to revisit the factors and reconsider them largely eviscerates the remedy of a... of a resentencing hearing on these cases. I'll reserve the remaining portion of my one minute. Okay, thank you, Ms. Verma. Thank you. Mr. Walters? Good morning, and may it please the court. Greg Walters on behalf of the United States. I think when we use buzzwords like clean slate resentencing, it has to be defined. And what this court has said is what's required is what occurs in an initial sentencing, a calculation of the guidelines range, permitting defense counsel to articulate the 3553A factors, a judge considering those factors, then articulating its sentence. That didn't happen here. And the sentence was not keyed to the recalculated guidelines range in any meaningful sense. I'm sorry, what was the last point you said, Your Honor? The judge did not say anything about how the 24 months that he reimposed related to the recalculated guidelines range. In other words, he didn't acknowledge the recalculated range and explain why he was varying upward. He just demanded new facts, which were not forthcoming, because, of course, nothing had changed as a factual matter. The only thing that changed was the legal question about what the guidelines range was. And in what sense is that a clean slate sentencing, as if it were the very first time? I think what we have to look at is what the judge did in this case. And going back and looking at his notes and looking at the initial transcript of what he said, and he came and said, you know, in this particular case, the 3553A factors were the driving force. And so I think that's why he asked, why did things change? I don't think anything prohibited the court, as a matter of law, as essentially the defense has argued, from taking into account its prior analysis. I don't think, no, there's nothing impermissible about that. But the judge does need to explain how the sentence actually imposed relates to the guidelines range, that the guidelines range is insufficient, as recalculated in a resentencing. As Ms. Ramey tried desperately to point out to the district judge, it's a new starting point. And the starting point of the guidelines must be acknowledged. Well, I think he did acknowledge the starting point. And I mean, he acknowledged the range and said it was a starting point. He said, I realize it's a benchmark or worse to that effect. I don't see that in this transcript. It's a very aggressive demand to produce new facts over and over and over again. It goes on many, many pages in that vein. But, I mean, the court repeatedly stated that it was a starting point. I am taking it into account on an advisory basis. Right. He states as a rote matter that I'm taking into account the guidelines. But there's no acknowledgment that the guidelines range is now half what it was. I think it... And when there's an upward variance of 100%, usually we look for some rationale for that that's stated on the record. I think the rationale would be the 60 UI convictions over a span of 17 years. And the court's stating that he is a danger to the community for doing that. Did he directly tie that right back into the 6-12 month guideline range? No. I mean, I'm not going to state that he did. But some of it I would suggest respectfully that it's obvious if it's remanded back, the guidelines are now 6-12 months. The court has stated it's 6-12 months. But then in looking at the 3553A analysis from the first hearing and saying, I recognize, though, that what drove me before was the 3553A factors, not the guideline range. And that's the same thing that is driving me this time is the 3553A factors, not the guidelines range. So I think it comes to... I mean, judges have broad discretion on the amount of weight that they apply to the guidelines. For better or for worse. But when Booker said, you will acknowledge and give respectful consideration to the guidelines, but ultimately what is permitted is to tailor a sentence for an individual defendant based on the 3553A factors. So did he explicitly tie the DUIs back to 6-12 months? No, he did not. But I do believe he gave an adequate statement for why he imposed a 24-month sentence to allow for the perception of fair sentencing. And that is what is required by the district court judge. It's not to necessarily tether everything he or she states back to the guidelines. So what the defense really has essentially argued in their opening brief was the court cannot consider the 3553A factors from the first sentencing hearing. And there's just nothing that prohibited the court from doing that. Well, I don't understand the argument precisely that way. I think the argument is that on resentencing, there's a fresh look at the case. Because that's what a resentencing is. A fresh look at the case in light of the newly calculated and reduced guidelines range. Otherwise, it cannot be meaningful. But they also explicitly argued that a court must disregard its reliance on the 3553A factors at the first sentencing hearing if it were conducted under a miscalculated guideline range. And that can't be the rule of law either, Your Honor. Well, maybe not. But there does have to be a meaningful fresh look. And the question is whether that occurred here. Well, I see that I'm struggling to convince you otherwise. Well, in light of the recalculated guideline, it was just extreme resistance to that on the part of the district judge in this case, abetted by the prosecution. Well, I mean, it was abetted by the prosecution. I don't think improperly. Reading a dissent as if it were a circuit law. No, we explicitly stated it was not a circuit law, Your Honor. Yes, but then urged the court to follow it. I'm sorry, Your Honor. Well, that's what he stated after reanalyzing his own notes in the transcript. We didn't make a harmless error argument the first time around because to us he didn't come out and state it. Well, what did he say about the guidelines in the first sentencing? He acknowledged that they were 24 to 30 months, effectively 24 months, and then concentrated very heavily on Mr. Posgarone's DUI history. I think it was somewhat very similar to what he did here, the difference being that the guidelines were, the bottom of the guidelines were the statutory maximum at the first sentencing hearing, whereas now it was significantly reduced from 24 months effective range to 6 to 12 months. Right, so the guidelines advice the first time around was not a range but the maximum. Correct. And the 3553A analysis conformed to that guidelines maximum recommendation. And the situation on remand was very different. We had a guidelines range of 6 to 12. So the analysis, the fresh look that is supposed to occur, you'd think would take some meaningful account of the difference. No. What was the reason given for changing the guidelines? Well, it had to deal, this court first ruled, it had to deal with the timing of the defendant's deportation with respect to his aggravated felony. So because his deportation occurred prior to his commission of an aggravated felony, there was no, he didn't, quote, remain in the United States after an order of deportation. He was ordered deported, he left. He came back and within a matter of time then committed his aggravated felony. So based on the application note to the guidelines, the timing was different so the 8-level increase did not apply. But were the guidelines changed because there was a different opinion about drunk driving? Or was that part of it? No, the drunk driving had nothing to do with the guidelines. So that's what he meant, nothing had changed, right? Isn't that what he meant when he said nothing had changed? He said nothing had changed. Because they hadn't been talking about DUI, guidelines, commission, whatever it is. Correct, Your Honor. The guidelines errors had nothing to do with the 3553, or excuse me, with the DUI. Right, the judge viewed the guidelines error as a technicality, right? A highly formalist reading of the guidelines and not worthy of much in the fresh look analysis of the case. That's how I read his view. Certainly as a litigant I would prefer a different word choice by a district judge. He's entitled to view it that way. It is a highly formalist distinction. If a judge, though, can reject a guideline's range on policy grounds with respect to this court, and I certainly respect the holding and we support it, but he can look at a guideline as a ruling as a technicality. I see I'm out of time. Okay, well, thank you. Thank you. Thank you very much, Mr. Walters. Ms. Ramez? And you want the full benefit of that technicality. Yes, we do, Your Honor. That's ridiculous. The guideline change has nothing to do with the DUI, which is what concerns the judge. So, of course, the judge isn't going to pay any attention to guidelines change. Nothing changed that relates to this guy. Maybe someone else, but not this guy. Your Honor, the defendant was, the analysis of where the defendant falls in terms of being similarly situated to other similar defendants  What do you know about what other DUI sentences are these days? Well, someone with exactly the same history as he would would get a How do you know? What do you mean? How do you know that? The judge isn't bound by the guidelines. Certainly. So what's happening to DUI sentences in light of this guideline's change? You have no idea, of course. My argument is that But you have no idea. You haven't followed this. You haven't looked at what other judges are doing. Specifically related to defendants with DUI convictions, I could not find any data with respect to that. However, someone with this exact background, had the guidelines been calculated appropriately in the beginning, The judge wasn't going to apply the guidelines. He made that clear. He doesn't have to. You don't have to believe in the guidelines if you're a sentencing judge. Respectfully, Your Honor, And why would he? He's concerned about this guy's drunken driving. Why would the change in guidelines, this change in guidelines, have anything to do with how he thought about that? Your Honor, respectfully, the first time around, he was intending to impose a guideline sentence, as to his understanding of it. Additionally, 98% of cases nationwide, and even a slightly higher percentage than that of illegal reentry cases, received guideline sentences. To then come back and say, well, why would I revisit what I had already determined about the 3553A factors as they related to the... Because the alteration in the guidelines does not address DUI. Certainly not. But the guidelines, as they were correctly calculated... It's an argument you're not only not going to win, but you don't have to. Certainly. Exactly. That's exactly my point, Your Honor. That's not the basis of the argument. Thank you for your time. Okay. Well, thank you, Mr. Mace and Mr. Walters.